■ SHERI GELLMAN et al., Respondents, v ELENI HENKEL et al., Appellants. [976 NYS2d 375]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered February 10, 2012, which granted plaintiffs' motion to dismiss the counterclaims, brought pursuant to CPLR 3211 (a) (5), to the extent of dismissing defendants' first, second, third, and fourth counterclaims, unanimously affirmed, without costs.

In this action arising out of defendant's prior employment with plaintiff SGG Partners Inc. (SGG), defendants' first four counterclaims, in which defendant Henkel alleges that plaintiffs failed to compensate her under certain oral agreements, are barred by the doctrine of res judicata since there is a judgment on the merits from a prior action between the same parties involving the same subject matter (*see Henkel v Gellman and*

*SGG Partners, LLC*, Sup Ct, NY County, May 18, 2011, Fried, J., index No. 652411/10). Contrary to defendants' argument, the fact that some of the theories asserted in this action differ from the theories asserted in the first action is of no moment, since the claims arise out of the same transaction (*see Matter of Hunter*, 4 NY3d 260, 269 [2005]). Since defendant Henkel concedes that her performance at SGG was completed during the prior action, and that she resigned from SGG prior to the disposition of that action, she could have raised the issue for breach of the alleged profit-sharing agreement in the prior action.

We have considered defendants' remaining arguments and find them unavailing. Concur—Tom, J.P., Friedman, Acosta, Moskowitz and Gische, JJ.